IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE LOFTON**, | : | CIVIL ACTION NO. 1:12-CV-1133 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JOHN WETZEL**, et al., | : | |
| | : | |
| Defendants | : | |

### **MEMORANDUM**

Plaintiff Jermaine Lofton ("Lofton"), a state inmate presently incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview"), Bellefonte, Pennsylvania, commenced this civil rights action on June 15, 2012, naming the following employees of the Pennsylvania Department of Corrections ("DOC") as defendants: John Wetzel ("Wetzel"), Secretary for the Department of Corrections; Marirosa Lamas ("Lamas"), Superintendent for SCI-Rockview; Robert Marsh ("Marsh"), Deputy Secretary for Centralized Services at SCI-Rockview; Ron Schinkle ("Schinkle"), Facility Maintenance Manager; Jeffrey Rackovan ("Rackovan"), Superintendent's Assistant; and, Mr. Wenrick ("Wenrick"), Safety Manager.  Presently pending is defendants' motion (Doc. 11) to dismiss Lofton's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, defendants' motion will be deemed unopposed and granted.

I.   **Procedural Background**

On September 7, 2012, defendants filed a motion (Doc. 11) to dismiss Lofton's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, pursuant to Federal Rule of Civil Procedure 12(e).  On October 15, 2012, defendants' Rule 12(e) motion was granted and Lofton was directed to file an amended complaint.  (Doc. 14.)  He was also notified that his failure to file an amended complaint would result in the matter proceeding on the original complaint and the court considering defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Id.)  Because Lofton has failed to file an amended complaint within the established deadline, defendants' Rule 12(b)(6) motion will be addressed.

II.   **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran &

Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, 556 U.S. 662,  129 S.Ct. 1937, 1949 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible.  See Iqbal, 556 U.S. 662, 129 S.Ct. at 1949–50; see also Twombly, 505 U.S. at 555, & n. 3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 662, 129 S.Ct. at 1948.

The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949–50].  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."  [Id.]  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234–35.  As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' "Iqbal, [129 S.Ct. at 1949–50].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210–211.

This Court is mindful, however, that the sufficiency of a pro se pleading must be construed liberally in favor of plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

### III.  **Allegations of Complaint**

Plaintiff states that he "brings this action for the constitutional conditions; as S.C.I. Rockview: overcrowded condition exposure to asbestos; exposure to coal ash; discrimination against inmates with disability; lack of ventilation; fire safety violations; and negligence."  (Doc. 1, at 2.)  He alleges that "each of the defendant

4

[sic] had knowledge of the conditions and purposely refused to correct it, in doing so put the plaintiff and others at risk." (Id.) He seeks injunctive relief and monetary and punitive damages. (Id. at 3.)

## IV. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Defendants seek to dismiss the complaint based on Lofton's failure to set forth sufficient allegations of defendants' personal involvement in the alleged wrongful conduct. Individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." Evancho v. Fisher,

423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207-08; see also, Rizzo v. Goode, 423 U.S. 362 (1976); Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. Evancho, 423 F.3d at 354; Rode, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. Rode, 845 F.2d at 1208.

Defendants argue that Lofton seeks to impose liability on defendants based upon their roles as supervisors and "has not made any factual assertion to support each individual was personally involved." (Doc. 12, at 5.) The Court agrees. Defendants' individual names only appear in the caption of the complaint and under the "Defendants" heading. In the "Statement of Claim" section, he only lodges general allegations against "the above defendants" and "each of the defendant[s]." (Doc. 1, at 1-2.) He fails to set forth a plausible claim of relief in that he does not identify specific dates, times, or instances of constitutional misconduct, and he does not allege that any of the defendants knew of, and acquiesced in, or played an affirmative part in such misconduct. Consequently, defendants' motion will be granted.

Based upon Lofton's failure file an amended complaint after being placed on notice of the deficiencies of his complaint *via* this Court's order of October 15, 2012 (Doc. 14), affording him an opportunity to amend would be futile.[1]

## VI.  Conclusion

Based on the foregoing, defendants' motion (Doc. 11) to dismiss Lofton's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) will be granted.

An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        November 20, 2012

---

[1] It is also worth noting that Lofton has not filed a single document or communicated with this court in any manner since June 15, 2012, the day he initiated this action.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE LOFTON**, | : | CIVIL ACTION NO. 1:12-CV-1133 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JOHN WETZEL**, et al., | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 20th day of November, 2012, upon consideration of defendants' motion (Doc. 11) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), it is hereby ORDERED that:

1. The motion (Doc. 11) is GRANTED and plaintiff's complaint is DISMISSED in its entirety.

2. The Clerk of Court is directed to CLOSE this case.

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge