# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE LOFTON,** | : | CIVIL ACTION NO. 1:12-CV-1133 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **JOHN WETZEL**, et al., | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Plaintiff Jermaine Lofton ("Lofton"), a state inmate presently incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview"), Bellefonte, Pennsylvania, commenced this civil rights action on June 15, 2012. The matter is presently proceeding *via* an amended complaint filed on November 20, 2012. (Doc. 18.) Named as defendants are the following employees of the Pennsylvania Department of Corrections ("DOC"): John Wetzel ("Wetzel"), Secretary for the Department of Corrections; Marirosa Lamas ("Lamas"), Superintendent for SCI-Rockview; Robert Marsh ("Marsh"), Deputy Secretary for Centralized Services at SCI-Rockview; Ron Schinkle ("Schinkle"), Facility Maintenance Manager; Jeffrey Rackovan ("Rackovan"), Superintendent's Assistant; and, Mr. Wenrick ("Wenrick"), Safety Manager. Presently pending is defendants' motion (Doc. 22) to dismiss Lofton's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, defendants' motion will be granted in part and denied in part.

# I. **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as

2

true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

When the complaint fails to present a prima facie case of liability, however, courts should generally grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116–17 (3d Cir. 2000). "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citation omitted). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).

## II.    **Allegations of the Amended Complaint**

Lofton alleges that since he has been incarcerated at SCI-Rockview, he has been subjected to "prison overcrowding, hazardous waste dumping, lack of enough correctional officers to provide care custody control, unsanitary conditions,

3

inadequate plumbing, dangerous structural damage to prison," "exposure to coal ash, discrimination against inmates with disabilities, lack of ventilation, [and] fire safety violations," exposure to asbestos, and a sizeable bird population on A and D Blocks. (Doc. 18, at 2-3, 10.) He alleges that, as Secretary of the DOC, defendant Wetzel is responsible for the overall operations of the DOC, including SCI-Rockview. (Id. at 8.) He seeks to impose liability on Superintendent Lamas and Deputy Superintendent Marsh based upon their legal responsibility for the operation of SCI-Rockview and for the welfare of all the inmates housed in that facility. (Id.) Facility Maintenance Manager Shinkle is named as a defendant based upon his responsibility for all facets of prison maintenance and Defendant Wenrick is named because "he is legally responsible for the safety of all inmates and staff." (Id. at 9.) Plaintiff alleges that Superintendent's Assistant and Grievance Coordinator Rackovan is responsible for assisting the superintendent in the daily operations of the prison. (Id.)

Lofton contends that defendants are "deliberately indifferent to [his] safety and well being" and that the above-mentioned conditions, which fail to meet "contemporary standards of decency," are in violation of the Eighth Amendment. (Id. at 18-19.) He also brings a state law claim for negligent infliction of emotion distress. (Id. at 19.) He seeks injunctive relief and compensatory, nominal and punitive damages. (Id. at 20.)

## III. Discussion

### A. Constitutional Claim

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment protects prison inmates from cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). To assert an Eighth Amendment conditions of confinement claim, a prisoner must satisfy both an objective and subjective test. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Specifically, a prisoner must show that the alleged deprivation is

"sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (1994). A prisoner must also demonstrate that "he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials possessed a "sufficiently culpable state of mind" and demonstrated "deliberate indifference" to his health or safety. Id. However, only "extreme deprivations" are sufficient to present a claim for unconstitutional conditions of confinement. Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). Mere negligence or inadvertence will not satisfy the deliberate indifference standard and cannot constitute a violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 105–06 (1976).

### 1. Personal Involvement

Defendants seek to dismiss the complaint based on Lofton's failure to set forth sufficient allegations of defendants' personal involvement in the alleged wrongful conduct. Individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003). Such allegations,

6

however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. Evancho, 423 F.3d at 354; Rode, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. Rode, 845 F.2d at 1208.

Lofton's allegations that each defendant is responsible for the safety and welfare of the inmates and is actively involved in the maintenance and upkeep of the prison are sufficient to state a claim. Consequently, defendants' motion to dismiss on the basis of lack of personal involvement will be denied.

### 2. Physical Injury Requirement

Defendants also seek dismissal of Lofton's complaint on the ground that he "has failed to aver any injury, let alone one of a physical nature that would satisfy [section 1997(e) of] the PLRA." (Doc. 24, at 6.) Section 1997(e) provides "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a proper showing of physical injury." 42 U.S.C. § 1997(e).

Lofton concedes §1997(e)'s limitation on recovery but points out that "[t]his only applies to plaintiff's claim for monetary damages. Plaintiff still raises a claim for nominal and punitive damages, and injunctive relief." (Doc. 28, at 9.) Lofton is correct. Since he did not allege a physical injury, this section would bar compensatory damages, but would have no effect on nominal or punitive damages,

7

or declaratory or equitable relief. See Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003). Therefore, defendants' motion will be partially granted in that Lofton's recovery, if any, will be limited to nominal and/or punitive damages and injunctive relief.

**B.     State Law Claim**

Defendants also seek to dismiss Lofton's state law claim for negligent infliction of emotional distress on the basis of sovereign immunity. State prison officials are immune from suit for those actions within the scope of their duties, except in instances in which the immunity has been specifically waived. See 1 PA. CONS. STAT. ANN. § 2310. The allegations of Lofton's amended complaint do not fall under any one of the nine listed categories for which immunity has been waived by the Commonwealth of Pennsylvania.[1] See 42 PA. CONS. STAT. ANN. § 8522(b). As such, defendants are entitled to immunity on the state law claim and their motion will be granted in this regard.

---

[1] The nine categories for which sovereign immunity will not apply are: (1) vehicle liability; (2) medical professional liability; (3) care custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. See 42 PA. CONS. STAT. ANN. § 8522(b).

8

## IV. Conclusion

Based on the foregoing, defendants' motion (Doc. 22) to dismiss Lofton's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) will be granted in part and denied in part.

An appropriate order follows.

                                  /S/ CHRISTOPHER C. CONNER
                                  CHRISTOPHER C. CONNER
                                  Chief Judge, Middle District of Pennsylvania

Dated:        September 9, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE LOFTON,** | : | **CIVIL ACTION NO. 1:12-CV-1133** |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JOHN WETZEL**, et al., | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 9th day of September, 2013, upon consideration of defendants' motion (Doc. 22) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), it is hereby ORDERED that:

1. The motion (Doc. 22) is GRANTED in part and DENIED in part.

2. The motion is DENIED with respect to plaintiff's Eighth Amendment claim. Defendants shall FILE an Answer or appropriate pre-trial motion on or before October 1, 2013.

3. The portion of the motion seeking dismissal pursuant to 42 U.S.C. § 1997(e) is GRANTED inasmuch as plaintiff's recovery on the Eighth Amendment claim, if any, will be limited to nominal and/or punitive damages and injunctive relief. Any award of compensatory damages is barred.

4. The motion is GRANTED with respect to plaintiff's state law claim of negligent infliction of emotional distress. This claim is dismissed in its entirety.

/S/ CHRISTOPHER C. CONNER
CHRISTOPHER C. CONNER
Chief Judge, Middle District of Pennsylvania