IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE LOFTON,** | : | **CIVIL NO. 1:12-CV-1133** |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JOHN WETZEL**, et al., | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 13th day of January, 2015, upon consideration of various motions (Docs. 67, 71, 72, 76) filed by the parties, it is hereby ORDERED as follows:

1. Defendants' motion (Doc. 67) to strike plaintiff's statement of material facts is DENIED.

2. Plaintiff's motions (Docs. 72, 76) for extensions of time to file briefs in opposition to defendants' motion to strike are GRANTED. Plaintiff's opposition brief (Doc. 78) and reply brief (Doc. 81) are DEEMED timely and ACCEPTED for filing.

3.  Plaintiff's motion (Doc. 71) for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is DENIED as the legal issues are not overly complex, no expert testimony is anticipated, plaintiff has navigated discovery and significant motions practice, any factual investigation is concluded as discovery is closed and dispositive motions have been filed and all indications are that plaintiff is capable of competently litigating this matter up to and including trial.[1]

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] Although a district court's appointment of counsel is discretionary, the court is required to analyze pertinent factors such as, "(1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf." Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997), Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).