# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE LOFTON,** | : | **CIVIL NO. 1:12-CV-1133** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN WETZEL**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Jermaine Lofton ("Lofton"), a state inmate presently incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview"), Bellefonte, Pennsylvania, commenced this civil rights action on June 15, 2012. (Doc. 1). The matter is proceeding *via* an amended complaint (Doc. 18) wherein Lofton names the following defendants: John Wetzel, Secretary for the Department of Corrections; Marirosa Lamas, Superintendent for SCI-Rockview; Robert Marsh, Deputy Secretary for Centralized Services at SCI-Rockview; Ron Schinkle, Facility Maintenance Manager; Jeffrey Rackovan, Superintendent's Assistant; and, Mr. Wenrick, Safety Manager. By memorandum and order dated September 9, 2013, a motion to dismiss by defendants was partially granted. (Doc. 36). The only remaining claim in this action is Lofton's Eighth Amendment conditions of confinement claim. (Id.) Presently before the court is Lofton's motion (Doc. 86) to compel discovery. For the reasons set forth below, the motion will be dismissed without prejudice.

# I. <u>Standard of Review</u>

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosure or discovery of the materials sought. <u>See</u> FED. R. CIV. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. <u>Goodman v. Wagner</u>, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." <u>Hickman v. Taylor</u>, 349 U.S. 495, 501 (1947). The procedural rule defining the scope and limits of discovery provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." <u>Pearson v. Miller</u>, 211 F.2d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery where: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its

likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C).

## II. <u>Discussion</u>

Lofton alleges that since he has been incarcerated at SCI-Rockview, he has been subjected to "prison overcrowding, hazardous waste dumping, lack of enough correctional officers to provide care custody control, unsanitary conditions, inadequate plumbing, dangerous structural damage to prison," "exposure to coal ash, discrimination against inmates with disabilities, lack of ventilation, [and] fire safety violations," exposure to asbestos, and a sizeable bird population on A and D Blocks. (Doc. 18, at 2-3, 10). Lofton contends that defendants are "deliberately indifferent to [his] safety and well being" and that the alleged conditions, which fail to meet "contemporary standards of decency," are in violation of the Eighth Amendment. (<u>Id.</u> at 18-19).

Defendants have answered Lofton's amended complaint and the parties have engaged in discovery. Lofton served defendants with one hundred twenty-six (126) individual interrogatories and eight (8) requests for production of documents. (Doc. 86-1). On March 24, 2014, defendants answered all interrogatories, and submitted responses to the requests for production of documents. (Docs. 92-1, 92-2). Defendants acknowledge that some of their responses contain objections, which they assert are legitimate. (Doc. 92 at 2).

Lofton's motion to compel consists of two hundred fifty-three (253) paragraphs. (Doc. 86). In the brief in support of his motion to compel, Lofton

contends that defendants' responses to his interrogatories and requests for production of documents are "general and evasive", and he primarily expresses dissatisfaction with defendants' responses. (Doc. 97 at 12-14).

Defendants oppose the motion to compel on two grounds. (Doc. 92). First, Lofton has not complied with the requirements of Federal Rule of Civil Procedure 37(a)(1) and Local Rule 26.3. (Id. at 5-8). Second, Defendants note that they have in fact responded to all of Lofton's discovery requests, and the motion to compel simply "reword[s] and reconfigure[s]" Lofton's original requests, and seeks additional discovery that was not originally requested. (Id. at 8-17).

Federal Rule of Civil Procedure 37(a) requires that a party moving to compel discovery must first submit to the court "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). Similarly, Local Rule 26.3 requires that the moving party certify that it made a good faith effort to resolve the discovery dispute before seeking court action. M.D. Pa. L.R. 26.3.

Lofton failed to certify that he has engaged in a good faith effort to resolve the discovery dispute before bringing this motion. Defendants assert that Lofton never "attempted to resolve the issues raised within his motion by conferring with defense counsel in a timely and good faith manner prior to filing his discovery motion." (Doc. 92 at 8). In his reply, Lofton asserts that he attempted to resolve the discovery dispute by way of correspondence. (Doc. 95 at 8-11). The court concludes that this falls short of the Local Rule 26.3 mark. Insofar as Lofton has failed to

comply with Federal Rule of Civil Procedure 37(a)(1) and Local Rule 26.3, the motion to compel will be dismissed without prejudice.

Moreover, in documents accompanying the motion to compel, the parties have submitted Lofton's interrogatories and requests for production of documents, and defendants' responses thereto. Based upon a preliminary review of the parties' submissions, the court agrees with defendants' contention that many of Lofton's discovery requests are vague, overly broad, and burdensome. Additionally, defendants maintain that Lofton seeks information which simply does not exist. The defendants cannot produce that which they do not possess. On the issue of overly broad discovery requests, the court notes that Lofton seeks "any and all records of inspection results of inspections by the Department of Corrections inspection team from 8-8-11 to the present," "all incident reports regarding assaults on staff, staff on inmates, sexual assaults, sexual harasment [sic], and drug seizures and investigations," "all reports on maintenance, repairs and spending," "all grievances from 8-8-11 to the present dealing with ventilation, structural damage, plumbing, hazardous waste, water quality, air quality, and asbestos." (Doc. 92-2 at 1-4). It is apparent that Lofton's requests for "any and all" records of inspection, and "all" incident reports and grievances are a grossly overstated fishing expedition. Lofton's request for incident reports and grievances regarding other inmates raises obvious privacy and security issues, and the relevance of such information is questionable at best.

Throughout the course of this proceeding, the court has granted numerous extensions of time, and has extended every courtesy and consideration to the parties. However, the court is also obliged to bring this matter to an orderly and expeditious resolution. It appears that some, if not all, of the present discovery disputes may be resolved without judicial intervention. Consequently, to assist in the orderly and expeditious disposition of this action, the court will direct the parties to confer[1] in a good faith effort to resolve by agreement all remaining discovery issues within twenty (20) days of the date of this order. In conferring, the parties are reminded that discovery requests must be relevant to the surviving claims before the court and that both requests and responses should adhere to the requirements of the Federal Rules of Civil Procedure.

Within ten (10) days following the parties' conference, each party shall submit a separate status report indicating which, if any, discovery issues have been resolved and indicating any outstanding matters which remain in dispute and their respective position with regard to each unsettled issue.[2]

---

[1] The parties may confer either in person or telephonically.

[2] Local Rule 26.3 provides that the movant in a discovery motion shall file as part of the motion "a statement certifying that counsel has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the court, together with a detailed explanation why such agreement could not be reached. If part of the issues raised by the motion have been resolved by agreement, the statement shall specify the issues so resolved and the issues remaining unresolved." M.D. Pa. L.R. 26.3.

An appropriate order shall issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:        September 29, 2015