IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE LOFTON,** | : | CIVIL NO. 1:12-CV-1133 |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **JOHN WETZEL**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

# MEMORANDUM

Plaintiff Jermaine Lofton ("Lofton"), a former inmate confined at the State Correctional Institution at Rockview ("SCI-Rockview"), Bellefonte, Pennsylvania, filed the above-captioned action pursuant to 42 U.S.C. § 1983. The matter is proceeding *via* an amended complaint. (Doc. 18). Named as defendants are the following employees of the Pennsylvania Department of Corrections ("DOC"): John Wetzel, Secretary for the Department of Corrections; Marirosa Lamas, Superintendent of SCI-Rockview; Robert Marsh, Deputy Secretary for Centralized Services at SCI-Rockview; Ron Schinkle, Facility Maintenance Manager; Jeffrey Rackovan, Superintendent's Assistant; and, Mr. Wenrick, Safety Manager. By memorandum and order dated September 9, 2013, a motion to dismiss by defendants was partially granted. (Doc. 36). The only remaining claim in this action is Lofton's Eighth Amendment conditions of confinement claim. (Id.) For the reasons set forth below, this matter will be dismissed for failure to prosecute.

**I.     Background**

Lofton alleges that during his incarceration at SCI-Rockview, he was subjected to "prison overcrowding, hazardous waste dumping, lack of enough correctional officers to provide care custody control, unsanitary conditions, inadequate plumbing, dangerous structural damage to prison," "exposure to coal ash, discrimination against inmates with disabilities, lack of ventilation, [and] fire safety violations," exposure to asbestos, and a sizeable bird population on A and D Blocks. (Doc. 18, at 2-3, 10). He alleges that, as Secretary of the DOC, defendant Wetzel is responsible for the overall operations of the DOC, including SCI-Rockview. (Id. at 8). He seeks to impose liability on Superintendent Lamas and Deputy Superintendent Marsh based upon their legal responsibility for the operation of SCI-Rockview and for the welfare of all the inmates housed in that facility. (Id.) Facility Maintenance Manager Shinkle is named as a defendant based upon his responsibility for all facets of prison maintenance and defendant Wenrick is named because "he is legally responsible for the safety of all inmates and staff." (Id. at 9). Lofton alleges that Superintendent's Assistant and Grievance Coordinator Rackovan is responsible for assisting the Superintendent in the daily operations of the prison. (Id.)

Lofton contends that defendants are "deliberately indifferent to [his] safety and well being" and that the alleged conditions, which fail to meet "contemporary standards of decency," are in violation of the Eighth Amendment. (Id. at 18-19).

Lofton has not communicated with the court since the filing of a status report on October 22, 2015.  (Doc. 103).  The court's inquiry reveals that Lofton has been released from SCI-Rockview.  In May and October, 2016, mail was returned to the court as undeliverable, indicating that the inmate left the facility with no forwarding address.  (Docs. 105, 107).

## II.    Discussion

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*.  Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).  The United States Court of Appeals for the Third Circuit has identified six (6) factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted).  Not all of the Poulis factors need be satisfied to dismiss a complaint.  See Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009) (citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)).

In the present matter, Lofton is *pro se* and is solely responsible for his actions.  See Colon v. Karnes, 2012 U.S. Dist. LEXIS 14692, at *7 (M.D. Pa. 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). At this point, the court has been waiting one year for Lofton to communicate with the

court, and can only conclude that he is personally responsible for failing to inform the court of his whereabouts.

Second, prejudice to the adversary generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses" memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). Lofton's continued failure to communicate with the court and continued inaction frustrates and delays resolution of this action. This failure to communicate prejudices defendants who seek timely resolution of the case. See Azubuko v. Bell National Organization, 243 F. App'x 728, 729 (3d Cir. 2007) (stating that plaintiff's failure to file an amended complaint prejudices defendants and compels dismissal).

Third, Lofton has established a history of dilatoriness through his failure to notify the court of his whereabouts and failure to comply with court orders and rules. As is clear from the procedural background of this case, Lofton has not communicated with the court since the filing of a discovery related status report on October 22, 2015. (Doc. 103). On September 20, 2016, the court ordered Lofton to provide the court with his current address, and warned him that this case was subject to dismissal for failure to prosecute. (Doc. 106). Lofton failed to reply. The court finds that over the past year, Lofton has delayed this matter to the extent that his conduct constitutes a "continuous stream of dilatory conduct." Briscoe v. Klem,

4

538 F.3d 252, 261 (3d Cir. 2008).  A *pro se* plaintiff has the affirmative obligation to keep the court informed of his address.  See (Doc. 4 at 4, Pro Se Letter issued June 15, 2012).  Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing.  If the court is unable to communicate with the plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit.

Regarding the next factor, "[w]illfulness involves intentional or self-serving behavior."  Adams, 29 F.3d at 874.  It appears that at least some of this dilatory behavior was performed willfully and in bad faith, as Lofton has offered no explanation for his failure to provide the court with his current address, and has been less than diligent in pursuing this matter.  Gagliardi v. Courter, 144 F. App'x 267, 268 (3d Cir. 2005) (holding that the district court did not abuse its discretion by dismissing plaintiff's complaint for failure to prosecute, where plaintiff failed to respond to defendants' motion to dismiss for more than three months and this failure to comply prejudiced defendants).

Fifth, a district court must consider the availability of sanctions alternative to dismissal.  Poulis, 747 F.2d at 869.  Given Lofton's indigence, alternative, monetary, sanctions would not be effective.  See Dennis v. Feeney, 2012 U.S. Dist. LEXIS 7328, at *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent").  Moreover, the court is incapable of imposing a lesser sanction without knowledge of Lofton's whereabouts.

The final Poulis factor is meritoriousness of the claim. A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. Poulis, 747 F.2d at 870. The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. Poulis, 747 F.2d at 869-70. Although Lofton's remaining claim survived a motion to dismiss, the court is unable to move this litigation forward in light of Lofton's continued failure to communicate with the court. Thus, the weight of this factor is lessened and, following a full analysis of the factors, the majority of the six (6) factors weigh in favor of defendants.

**III.   Conclusion**

Lofton's last communication with the court was on October 22, 2015. (Doc. 103). It is clear that Lofton has been released from custody. See https://vinelink.com/#/search. Lofton's prolonged failure to notify the court of his whereabouts has forced the court to consider whether to dismiss the instant action for failure to prosecute. After consideration of the Poulis factors, it is clear that the factors militate in favor of dismissal of Lofton's claims.

An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      October 18, 2016